```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                          C/M
----------------------------------------------------------- X
                                                           :
INNA BALTER,                                               :
                                                           :   **MEMORANDUM DECISION**
                                 Plaintiff,                :   **AND ORDER**
                                                           :
              - against -                                  :   17-cv-6605 (BMC) (RML)
                                                           :
MARK M. ALTSCHUL,                                          :
                                                           :
                                                           :
                                 Defendant.                :
                                                           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Before the Court is the motion of plaintiff *pro se* for a default judgment. For the reasons set forth below, the motion is denied, and the complaint is dismissed.

## SUMMARY OF COMPLAINT

Plaintiff's claim arises out of a landlord-tenant proceeding in which plaintiff's landlord, 8645 Realty L.L.C. ("8645"), sued plaintiff for rental arrears. On March 25, 2014, the New York City Housing Court, following trial, entered judgment against plaintiff for $5500 in rental arrears that accrued prior to July 1, 2013. 8645 had sought arrears due for periods beyond that date, but the Housing Court denied that request because the only rental agreement that 8645 had submitted into evidence expired on June 30, 2013, and thus there was no basis to award allegedly unpaid rent subsequent to that date.

On March 6, 2015, TransUnion credit reporting agency received a request from "Concord Equities Corp., c/o Altschul, 18 East 12th St., New York, NY 10003," for a copy of plaintiff's credit report. "Altschul" is the defendant in this action, an attorney who was representing 8645. TransUnion complied with the request.

On May 23, 2016, following an income execution served on her employer for the amount of the judgment plus interest and fees, plaintiff settled with 8645 pursuant to a stipulation. Defendant in this action signed the stipulation on behalf of 8645. The stipulation required plaintiff to pay $5500 in two installments with the last increment due on June 16, 2016. Plaintiff timely paid the amounts due.

On July 18, 2016, 8645, represented by defendant, filed a new action against plaintiff. That action, like part of the prior action, also sought unpaid rent for a period after July 1, 2013. The present status of that action is unclear, but plaintiff contends that it is barred by *res judicata* because 8645 had already attempted in the prior action to obtain rental arrears for at least part of this period, and had failed on the merits.

Reading plaintiff's *pro se* complaint liberally, she sets forth two claims for relief: (1) violation of the Fair Credit Reporting Act, because defendant had no "permissible purpose," as defined in 15 U.S.C. § 1681b, to masquerade as Concord Equities Corp. and obtain her credit report; and (2) under RICO, 18 U.S.C. § 1961, because defendant has engaged in a pattern of racketeering activity by repeatedly using false pretenses to obtain credit reports.

Defendant was served with the summons and complaint on November 14, 2017. The Clerk entered defendant's default on March 16, 2018. On June 2, 2018, without leave of court and without seeking to vacate his default, defendant filed an answer. By Order entered June 13, 2018, the Court directed defendant to show cause within seven days why his answer should not be stricken as untimely or why he should not be required to post security under Local Rule 54.1 to protect plaintiff against his possible inability to pay costs. Defendant has failed to respond to the Order to Show Cause.

**DISCUSSION**

Because defendant has failed to respond to the Order to Show Cause and never sought leave to file a seriously late answer, his answer is stricken.

This does not mean, however, that plaintiff's motion for a default judgment must be granted. It is true that all of the factual allegations in plaintiff's complaint pertaining to liability are deemed admitted. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). However, the Court cannot enter a default judgment if the complaint on its face, including documents annexed to it, fails to state a claim upon which relief may be granted. See Noonan v. New York City Police Dep't Officer Carlos Becker, No. 14 CV 4084, 2017 WL 3638201, at *5 (S.D.N.Y. Aug. 23, 2017); Bronx Gate & Grille v. Deleon, No. 07 CV 4411, 2008 WL 5069533, at *3 (E.D.N.Y. Nov. 24, 2008) ("In determining whether a final default judgment should be granted, the court retains discretion to consider whether the facts alleged state a valid cause of action"); Levesque v. Kelly Commc'ns, Inc., No. 91-cv-7045, 1993 WL 22113, at *5 (S.D.N.Y. Jan. 25, 1993) ("[T]he Court must be satisfied initially that the allegations of the complaint are 'well-pleaded.'") (quoting Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). In the instant case, plaintiff has failed to state a claim, and thus cannot obtain a default judgment.

To state a claim based on section 1981b of the FCRA, a plaintiff must allege facts showing "both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the violation was willful or negligent." Perl v. Am. Express, 12 Civ. 4380, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (citations omitted); see also, e.g., Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 473 (2d Cir.1995). In addition, under section

1681q of the FRCA, a defendant will be liable if he uses knowingly and willfully uses "false pretenses" to obtain a credit report.  See <u>Yohay v. City of Alexandria Employees Credit Union, Inc.</u>, 827 F.2d 967, 972 (4th Cir. 1987); <u>Zamora v. Valley Fed. Sav. & Loan Ass'n of Grand Junction</u>, 811 F.2d 1368, 1370 (10th Cir. 1987); <u>Kennedy v. Border City Sav. & Loan Ass'n</u>, 747 F.2d 367, 369 (6th Cir. 1984); <u>Hansen v. Morgan</u>, 582 F.2d 1214, 1219 (9th Cir. 1978).

A party has a "permissible purpose" under §1981b when it obtains a credit report for the purpose of collecting a debt.  Section 1681b(a)(3)(A) expressly authorizes a party to obtain a report "to review or [for] collection of an account of, the consumer."  In the instant case, 8645 extended credit to plaintiff in the form of a lease, and defendant then attempted to collect the judgment on its behalf that the Housing Court had granted.  There was nothing impermissible about that purpose.  See e.g. <u>Huertas v. Galaxy Asset Management</u>, 641 F.3d 28 (3d Cir. 2011).

But plaintiff's theory of the case is more subtle.  She seems to recognize that if 8645 had requested her credit report from TransUnion, she could have no complaint.  However, the request was not from 8645.  It was from Concord c/o defendant, an entity of which she had never heard and with which she had no relationship.  Concord c/o defendant was not her landlord, had never extended her credit, and had no account to collect.  According to plaintiff, when defendant submitted the request for her credit report, he therefore used "false pretenses" to obtain the report under section 1681q.

With defendant having defaulted in this action, we cannot know why defendant asked for the credit report on behalf of Concord instead of 8645.  Perhaps it was nothing more than an error committed as a result of a landlord-tenant or collection practice having too much volume.  Whatever the reason, the designation of the wrong entity does not equate to the use of false pretenses.  What is missing from plaintiff's complaint are any factual allegations tending to show

4

that the misdesignation was material, or that it was intended to mislead, and I can think of no plausible reason why it would be.

Defendant misled no one by naming the wrong account holder. He knew or could have easily known that TransUnion would advise plaintiff that "Concord c/o Altschul" had requested her credit report. If he was trying to disguise that it was 8645 that was requesting her report – for some reason I cannot fathom and, more importantly, plaintiff has not pled – it was an awfully clumsy way to do it.

Assuming that section 1681q gives rise to an implied cause of action, see Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 47 (2d Cir. 1997); Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 701 F. Supp. 2d 340, 354 (E.D.N.Y. 2010), it is still a criminal statute: "Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both." 15 U.S.C. § 1681q. The statute criminalizes a particular form of consumer fraud, where a defendant obtains a report to which he would not otherwise be entitled. For this reason, courts have recognized that the implied liability in this statute must be read in conjunction with the "permissible purpose" requirement of section 1981b. See Ali v. Vikar Mgmt. Ltd., 994 F. Supp. 492, 497 (S.D.N.Y. 1998).

In other words, plaintiff's theory of the case has it backwards. To determine section 1681q liability, the courts first look to section 1981b to see if the purpose of the request was permissible. If it was, then there is no section 1681q liability. See Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996), aff'd, 113 F.3d 1229 (2d Cir. 1997) ("[W]here a permissible purpose underlies the request for a consumer report, the report cannot have been obtained under false pretenses."). Here, instead, plaintiff starts with the

5

misnaming of the creditor, and then reasons that since the creditor as named had no relationship with her, it could have had no permissible purpose. But it is defendant that plaintiff is suing, not Concord, and this defendant had a permissible purpose of getting the credit report on behalf of his client. Plaintiff's theory intolerably weakens the *mens rea* requirements of section 1681q, and would turn any naming mistake into liability.

Plaintiff has also failed to state a claim under RICO. Her allegations are limited to a claim that "on information and belief," defendant has misnamed the creditor this way over 500 times. There is no basis set forth for this belief, so we cannot to consider whether there are predicate acts that would qualify for aggregation into a scheme under RICO.

The Court has considered whether to grant plaintiff leave to file an amended complaint, but declines to do so. The problem with plaintiff's complaint is substantive and cannot be cured by better pleading, so that any amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## CONCLUSION

The motion for a default judgment is denied, and the case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
June 22, 2018